Scoeield, J.,
delivered the opinion of the court:
November 8, 1873, claimants’ testator entered into the contract with the Navy Department. He agreed to build the hull of the steam-sloop Adams, and to furnish all the material “ except the live-oak timber to be furnished by the United States.” The contract price was $148,500. The work was done, and there has been paid upon it $147,726.65, leaving a balance of $773.35 still due. Only three items are left in dispute under this contract. All others being exclusively questions of fact are disposed of by the findings.
1. The said testator transported the live-oak timber from the Boston navy-yard to a ship-yard at East Boston, where the Adams was built, at a cost of $150, which the claimants seek to recover. The contract does not specify where the timber was to be delivered, nor does it state where the said testator was to build the sloop. The timber was stored at the Boston navy-yard. Claimants not only received it there without objection or other demand, but before it was taken away it was “got out and put in shape” for use at the yard, and the government saws and other tools were used for that purpose without charge. We infer from these facts that the timber was to
be furnished at the navy-yard, where it was stored, and where said testator prepared it, in part, for use by the peculiar saws and other tools at the yard. This item of claim is therefore disallowed.
2. There was some delay in furnishing the timber as fast as called for, owing to the small number of hands employed at the yard at the time, and the timber requiring considerable handling. If the claimant was thereby delayed in the work and increased expense resulted, he would be entitled to his damages. None are allowed, because, while it is shown there was some delay, and probable expense, the length of time and the amount of expense does not appear. We allow nothing, because, with no data to guide us, we cannot guess at the amount.
. 3. The defendants furnished to the said testator certain pumps, and charged him $411.53 more than the market price. He was not bound to pay more than the market price. The overcharge should be refunded.
*338 Said testator afterwards, April 27,1875, agreed to do the work on the outfit of the Adams and the hull and outfit of the sloop Essex. The contract price was paid, but certain extras have remained unsettled. On the Adams the amount of extras is $980.33, and on the Essex $1,156. These two amounts are allowed to the claimants.
The defendants agreed, as appears in their contract, to allow the said testator the use of their dry-dock. They also furnished, without agreement, the labor needed to do the “blocking, pumping, and docking,” while the dry-dock was in the use of the claimants. For this service the defendants charged $309.62. The agreement to allow the use of the dry-dock did not require the defendants to furnish this labor. The amount is reasonable, and has been properly charged in claimant’s accounts heretofore settled.
The claim sums up as follows:
Balance due on contract......................... $773 35
Materials furnished and extra work on the Adams, as shown in finding II......................... 980 33
Extras on the Essex, as shown in finding II....... 1,156 00
Overcharge on pumps as shown in finding III..... 411 53
Total amount due claimants................ 3,321 21
Judgment will be entered for this amount.